UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOMINIQUE FERRELL,

                           Petitioner,

v.

UNITED STATES OF AMERICA,

                           Respondent.

Civil Case Number 24-12197
Criminal Case Number 21-20008
Honorable David M. Lawson

_____/

## OPINION AND ORDER DENYING MOTION TO VACATE SENTENCE

Petitioner Dominique Ferrell pleaded guilty to possessing a firearm after having been convicted of a felony and possessing controlled substances with the intent to distribute. He was sentenced in September 2021 to concurrent 110-month prison terms. He did not appeal his conviction or sentence. On February 28 and April 18, 2024, Ferrell filed papers in which he asked the Court to vacate or set aside his conviction under 18 U.S.C. § 922(g)(1) on the ground that the statute is unconstitutional according to the holding of *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). The Court construed those filings collectively as a petition under 28 U.S.C. § 2255 to set aside the sentence and conviction, and the government was ordered to respond. The government filed a motion to dismiss the petition, which was denied. On July 19, 2024, the government filed a response and an amended response in which it argues that the petition is untimely because it was filed beyond the one-year limitations period specified by 28 U.S.C. § 2255(f)(1), and that the petitioner's claims are without merit. The Court set a deadline of August 13, 2024 for the petitioner to file a reply brief in support of his petition. That date has come and gone, and the petitioner has not presented any reply addressing the timeliness of his petition. The Court finds that the petitioner filed his petition out of time, and he has not identified any basis for extending the filing deadline. The motion to vacate therefore will be denied.

I.

On January 6, 2021, Ferrell was charged in a five-count indictment alleging that he illegally possessed a firearm and possessed various controlled substances with intent to distribute. On April 21, 2021, Ferrell pleaded guilty to Counts I and IV which charged the firearm offense and possession with intent to distribute fentanyl. On September 20, 2021, the Court sentenced Ferrell to concurrent terms of 110 months in prison. He did not appeal. The motions to vacate were signed and postmarked on February 20, 2024 and April 8, 2024, and they were received and docketed by the Clerk of Court on February 28, 2024 and April 18, 2024.

In his filings, which the Court has construed as a petition under 28 U.S.C. § 2255, Ferrell raises a single substantive claim for relief from his conviction and sentence arguing that under the holding of *Bruen* and its progeny the conviction violates the petitioner's right to bear arms guaranteed by the Second Amendment.

The government contends that the Court should not address the petitioner's substantive position because Ferrell filed his motion after the limitations period expired.

II.

The statute of limitations governing the filing of a section 2255 motion is set forth in 28 U.S.C. § 2255(f) and states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Phillips v. United States*, 734 F.3d 573, 580 (6th Cir. 2013) (quoting 28 U.S.C. § 2255(f)). Where a federal prisoner does not pursue a direct appeal of his conviction or sentence, the judgment of conviction becomes final, and the one-year limitations period begins to run when the 14-day period for filing a notice of appeal under Federal Rule of Appellate Procedure 4(b)(1) expires. *Gillis v. United States*, 729 F.3d 641, 644 (6th Cir. 2013).

The motions to vacate the conviction and sentence were filed well beyond the one-year limitations period established in subparagraph (f)(1), above, and must be denied for that reason alone. Ferrell was sentenced on September 20, 2021. He did not file a direct appeal. His conviction therefore became final on October 4, 2021, when the 14-day period for filing a notice of appeal expired. To be timely, a motion to vacate would need to be filed no later than October 4, 2022. However, the filings here were signed and dated by the petitioner in February and April 2024, more than 15 months after the limitations period had expired. By any reckoning, the petition was filed well beyond the applicable one-year limitations period after the judgment became final. *See* 28 U.S.C. § 2255(f)(1).

The petitioner conceivably could argue that his petition was filed promptly after *Bruen* was decided, rendering it timely under 28 U.S.C. § 2255(f)(3), which provides that the one-year limitations period may run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." However, as the government points out, *Bruen* was decided by the Supreme Court on June 23, 2022, and, even if the Court assumes that *Bruen* recognized a new and retroactively applicable constitutional right, the one-year limitations

period after that decision was issued ended at the latest on June 23, 2023, more than seven months before the petitioner's filings were presented to the Court.

The filing deadline for a motion under section 2255 may be tolled in some circumstances, but the petitioner must have "exercised reasonable diligence pursuing his claims," and he must show that "some extraordinary circumstance prevented him from filing a timely petition." *Hansberry v. United States*, No. 22-1482, 2023 WL 1432037, at *2 (6th Cir. Jan. 18, 2023) (citing *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010) (stating that equitable tolling requires the petitioner to make "a two-part showing")). "'[E]quitable tolling is used sparingly by federal courts,'" and "'[t]he party seeking equitable tolling bears the burden of proving he is entitled to it.'" *Avery v. Wainwright*, No. 20-3530, 2022 WL 1498431, at *3 (6th Cir. May 12, 2022). "To satisfy the extraordinary circumstances element, a petitioner must demonstrate [that] an external obstacle prevented the timely filing of a habeas petition." *Id.* at *6 (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). In this case, the government has raised the statute of limitations as an affirmative defense, and the petitioner has made no effort to demonstrate that his petition was filed timely, despite having the opportunity to do so by way of a reply. The petition undisputedly was filed well beyond the one-year limitations period, and the petitioner has not carried his burden of showing that any applicable exception should apply to excuse the untimely filing.

III.

The petitioner's motion to vacate his sentence was filed beyond the one-year period of limitations, and he has not established any basis for enlarging or tolling the limitations period.

-5-

Accordingly, it is **ORDERED** that the motions to vacate the conviction and sentence (ECF No. 24, 28) are **DENIED**.

                                                    s/David M. Lawson  
                                                    DAVID M. LAWSON  
                                                    United States District Judge

Date:   August 26, 2024